UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:

JOHN LEWIS COAKE, IV    CASE NO. 14-11220-TMD-7

    DEBTOR

**DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON INTEREST IN MEXICAN LAND TRUST PURSUANT TO 11 U.S.C. SEC. 554(b)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Now comes John Lewis Coake, IV, debtor herein (the "Debtor"), and files this Motion to Compel Trustee to Abandon Interest in Mexican Land Trust Pursuant to 11 U.S.C. Sec. 554(b) and would show the following:

1. This case was commenced by the filing of a voluntary petition under Chapter 7 on August 7, 2014.

2. Ron Satija was appointed as the Chapter 7 trustee on also August 7, 2014.

3. The creditors' meeting was held and concluded on September 4, 2014.

4. The trustee filed his Request for Notice of Assets on September 16, 2014.

5. An Order Setting Proof of Claims Bar Date was entered on September 19, 2014 which set a bar date of December 22, 2014.

6. Five claims totaling $136,051 were filed prior to the bar date, although one of those claims filed by the IRS in the amount of $42,856 was subsequently withdrawn.

7. The only non-exempt asset of any consequence listed in this case was identified as follows:

> real estate trust – undivided ½ int
> Paseo de los Delfines 121
> Puerto Vallarta, Jalisco, Mexico
> fmv: $1.000,000 – 1.200,000
> purchased 2/01 for $530,000

8. A complicating factor with respect to this asset is that real property in Mexico located within 100 kilometers of the border or 100 kilometers of the ocean may not be owned by a foreign national. It may, however, be owned in a trust of which the trustee is a Mexican chartered bank and the foreign national(s) are beneficiaries of the trust rather than owners of the real property.

9. The property in question is located within 100 kilometers of the ocean so it is owned by a Mexican trust. The trustee of the trust is a Mexican bank.

10. Based upon several emails and/or conversations with the trustee, there is apparently some interest in acquiring the debtor's interest in the property. The trustee indicated as recently as December 2015 that there were "offers" and that he expected to conduct on the property in February, but there has been no further action since then. Despite the passage of almost two years, there has apparently been no actual offer made and the trustee has filed no motion seeking authority from this Court to sell thee property.

11. Despite the passage of almost two years since the Chapter 7 was filed, there has been almost no activity yet the case remains open, frustrating the Debtor's ability to truly obtain a "fresh start."

12. 11 U.S.C. Sec. 554(b) provides:

>On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

13. The inability of the trustee to liquidate the Debtor's interest in the trust or the underlying property after the passage of 20 months is substantial evidence that the property is of no value to the estate and there is no apparent reason to keep this case open in the hope that something might magically change.

Wherefore, the Debtor requests that upon hearing, the Court enter an order compelling the trustee to abandon the Debtor's interest in the above described real property and the trust which owns the property and that he have such other and further relief to which he shows himself to be justly entitled.

Respectfully submitted,

LAW OFFICE OF MICHAEL BAUMER
7600 Burnet Road
Suite 530
Austin, TX 78757
512-476-8707
Fax 512-476-8604
baumerlaw@baumerlaw.com

By:/s/Michael Baumer
  Michael Baumer -01931920
  Megan Baumer-01931915

## **CERTIFICATE OF SERVICE**

I, the above signed, do hereby certify that a true and correct copy of the foregoing motion was served to the following via first class mail:

| | |
|---|---|
| John Coake<br>3822 Steck Ave<br>Austin, TX 78759 | GET - Guaranteed Education Tuition<br>PO Box 43450<br>Olympia, WA 98504-3450 |
| Alaska USA FCU<br>P.O. Box 196602<br>Anchorage, AK 99519 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| American Express<br>P.O. Box 981535<br>El Paso, TX 79998 | Keybank<br>P.O. Box 94920<br>Cleveland, OH 44101 |
| Bank of America<br>P.O. Box 982235<br>El Paso, TX 79998 | Macy's<br>PO Box 8058<br>Mason, OH 45040 |
| Boeing Employees CU<br>P.O. Box 97050<br>Seattle, WA 98124 | US Bank<br>P.O. Box 790408<br>St. Louis, MO 63179 |
| Chase<br>P.O. Box 94014<br>Palatine, IL 60094 | Washington State Employees CU<br>PO Box WSECU<br>Olympia, WA 98507 |
| FDS<br>PO Box 183083<br>Columbus, OH 43218-3083 | Zwicker & Assoc.<br>80 Minuteman Rd<br>Andover, MA 01810-1008 |

And via electronic notice to the following registered CMECF users through the Bankruptcy Court noticing system:

Ron Satija, Trustee
PO 660208
Austin, TX 78766-7208

Dated: June 14, 2016